UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JEFFREY T LULOW**,<br><br>          Debtor. | Case No. **06-60820-7** |
| **CHRISTIN LULOW**,<br><br>          Plaintiff.<br><br>-vs-<br><br>**JEFFREY T LULOW**,<br><br>          Defendant. | Adv No. **07-00035** |

**MEMORANDUM  OF  DECISION**

At Butte in said District this 20th day of December, 2007.

This adversary proceeding to determine dischargeability of debts under 11 U.S.C. §§ 523(a)(4) and (a)(15) came on for trial after due notice on December 19, 2007. The parties both appeared by counsel and testified, and exhibits were admitted. At the conclusion of the parties' cases-in-chief the Court dismissed Count II of the complaint based upon § 523(a)(4), finding Plaintiff failed to show the existence of a fiduciary relationship prior to the alleged defalcation as required under federal law. The Court ordered judgment entered against the Debtor Jeffrey T. Lulow ("Jeffrey") excepting from his discharge the $82,500.00 awarded by the state court in their divorce decree, plus interest and other stipulated amounts, under § 523(a)(15). This

1

Memorandum memorializes the Court's decision and includes the Court's findings of fact and conclusions of law pursuant to F.R.B.P. 7052 (applying Fed. R. Civ. P. 52 in adversary proceedings).

Plaintiff Christin ("Christin") Lulow appeared at trial and testified, represented by attorney Jon R. Binney of Missoula, Montana. Debtor/Defendant Jeffrey T. Lulow ("Jeffrey") appeared and testified, represented by attorney Edward A. Murphy of Missoula. Exhibits ("Ex."), 1, 2, 3, 4, 5, 6, 7, 10, 11, and 12 were admitted without objection, except the Court ordered the references to the parties' minor children's names and social security numbers stricken. The Court took judicial notice of the file of Jeffery's Chapter 7 bankruptcy case, No. 06-60820-7, which began as a Chapter 13 case on October 5, 2006, and was converted to Chapter 7 on Jeffrey's motion on February 9, 2007. This adversary proceeding commenced on May 1, 2007, when Plaintiff filed her complaint.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b). This is a core proceeding to determine the dischargeability of particular debts under 28 U.S.C. § 157(b)(2)(I).

The agreed Pretrial Order set forth the following agreed facts:

    a. Debtor and Plaintiff were married August 8, 1998, and divorced July 16, 2006.
    b. The divorce proceedings occurred in Lake County cause number DR-03-40 and findings of fact, conclusions of law and decree were entered July 14, 2006.
    c. The Divorce Decree is final and the time for appeal has expired.
    d. The divorce decree awarded plaintiff certain amounts from defendant as a property settlement out of the marital estate.
    e. The defendant, in his schedules listed debts to Plaintiff in the amounts of $17,112, $5,341.62 and $82,000.

      f. The defendant is a parent of [three] minor children[1].

Additional facts were established at trial and by stipulation of the parties. In the Pretrial Order and at trial Jeffrey conceded that the sum of $5,341.62 is child support that is not dischargeable under 11 U.S.C. § 523(a)(5), and that $17,112.00 is a property distribution that is not dischargeable under § 523(a)(15). By agreement of counsel, the Court amended the Pretrial Order and judgment to fix the correct sum of the nondischargeable property distribution at $17,119.00 as provided at Ex. 6, page 6, paragraph 25. Lastly, based on Jeffrey's testimony and agreement of counsel the Court found that the amount of debt remaining at issue from the Divorce Decree, Ex. 6, page 14, paragraph 17, is $82,500.00 plus interest, not $82,000.00 as provided in the Pretrial Order and Jeffrey's Schedules.

Jeffrey filed his bankruptcy petition on October 5, 2006, and filed his Schedules on October 25, 2006. Ex. 1 is Jeffrey's Schedules. The second page of Jeffrey's Schedule F lists Christin as having an unsecured nonpriority claim described as "Judgment in marital porperty [sic] settlement" in the amount of $82,000.00, which Jeffrey testified should be $82,500.

The $82,500.00 was made the subject of a constructive trust in the parties' Divorce Decree, Ex. 6, page 11, paragraph 21, when Jeffrey removed $27,500.00 from each of three accounts set up for each of the parties' three children. The accounts were opened at Whitefish Credit Union in the name of one child each, with both parents as signatories for purposes of access and because the children are minors. The accounts were funded from proceeds of two insurance policies Jeffrey purchased for sickness. The policies paid $180,000 total, with $90,000 going to each party. Jeffrey testified that he spent his $90,000 on his personal debts. Christin

---

[1] The children's names are omitted as immaterial and to preserve their privacy.

3

paid her student loans off and purchased a van with $30,000 of her $90,000, and divided the remaining $60,000 into three $20,000 portions which she deposited into the children's Whitefish Credit Union's accounts. Ex. 6, page 6, paragraph 31. She testified that the money was for their children's college education.

Jeffrey withdrew $27,500 from each child's Whitefish Credit Union account, without Christen's knowledge or consent, and never returned the money to the accounts. Ex. 6, page 7, paragraphs 33, 34. Jeffrey testified that he invested the money in the purchase of a house at sheriff's sale which was located near his mother and grandmother's homes. The property was redeemed and Jeffrey received the proceeds, but did not return the money to the children's accounts. Ex. 6, page 7, paragraph 35. Jeffrey testified that he used the money to pay bills for himself and Christin and bought himself a pickup truck. Christin testified that Jeffrey told her that he put the $82,500 in his account and she would not see that money again. She filed her petition for dissolution of their marriage shortly thereafter.

## DISCUSSION

### I. Fraud or Defalcation While Acting in a Fiduciary Capacity – § 523(a)(4).

Count II of Christin's complaint seeks exception from Jeffrey's discharge for fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4). Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting is a fiduciary capacity, embezzlement, or larceny." Nondischargeability of liability under Section 523(a)(4) requires a determination of (1) the existence of a fiduciary relationship; and (2) acts of defalcation. *F.D.I.C. v. Jackson*, 133 F.3d 694, 702 (9th Cir. 1998); *In re Chavez*, 140 B.R. 413, 422 (Bankr.W.D.Tex.1992). The definition of "fiduciary" for purposes of § 523(a)(4) is narrow, and is governed under federal law, but with

reference to state law to ascertain whether the requisite trust relationship exists. *Cal-Micro, Inc., v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003); *F.D.I.C. v. Jackson*, 133 F.3d at 703; *Lewis v. Scott*, 97 F.3d 1182, 1185 (9th Cir. 1996).

> In *Cantrell*, the circuit court panel restated the following prior circuit holdings:
>
> We have previously held that "[t]he broad, general definition of fiduciary-a relationship involving confidence, trust and good faith-is inapplicable in the dischargeability context." *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir.1986). As a result, we have adopted a narrow definition of "fiduciary" for purposes of § 523(a)(4):
>
>> "[T]he fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt." *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185 (9th Cir.1996).

*Cantrell*, 329 F.3d at 1125 (9th Cir. 2003). The Bankruptcy Appellate Panel stated in their opinion prior to the appeal to the Ninth Circuit that "[a]lso inapplicable are fiduciary relationships arising from implied or constructive trusts, and trusts *ex maleficio* (trusts created merely on the basis of wrong conduct). The trust must arise 'before and without reference to the wrongdoing that caused the debt." *Cal-Micro, Inc., v. Cantrell (In re Cantrell)*, 269 B.R. 413, 420 (9th Cir. BAP 2001).

The state court imposed a constructive trust on the $82,500, and the court awarded Christin judgment in the Divorce Decree, Ex. 6, page 14, paragraph 17. However, this Court is not persuaded that the imposition of a constructive trust in the Decree satisfies the narrow federal definition of fiduciary under § 523(a)(4) and *Cantrell* as discussed above.

For purposes of § 523(a)(4), any fiduciary relationship must arise from an express or technical trust that was imposed before and without reference to wrongdoing that allegedly caused the debt. *Cantrell*, 329 F.3d at 1125; *Lewis v. Scott*, 97 F.3d at 1185 (*citing Ragsdale v.*

5

*Haller*, 780 F.2d 794, 796 (9th Cir. 1986)). The evidence shows that the constructive trust was not imposed before the wrongdoing that allegedly caused the debt, and based on that the Court concludes that § 523(a)(4) does not apply for purposes of the $82,500 debt for Christin's failure to establish that Jeffrey was a fiduciary.

    **II. § 523(a)(15).**

Section 523(a)(15) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA"), which took effect on October 17, 2005, prior to the date Jeffrey filed his Chapter 7 petition. Section 523(a)(15) excepts from the discharge of an individual any debt:

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5)[2] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit; . . . .

11 U.S.C. § 523(a)(15)[3].

Jeffrey contended in the Pretrial Order that the $82,000 claim is not a debt incurred in the course of a dissolution proceeding, and that "[i]f it exists at all, it pre-existed the dissolution proceeding". The Ninth Circuit rejected a similar argument in *Short v. Short* (*In re Short*), 232 F.3d 1018, 1022 n. 1 (9th Cir. 2000) (a premarital debt becomes a divorced-related debt covered by 523(a)(15) when expressly included in a decree of dissolution). With respect to the

---

    [2]Paragraph (a)(5) of § 523 excepts from discharge "a domestic support obligation".

    [3]The BAPCPA amendment to § 523(a)(15) removed a detailed balancing test involving the debtor's ability to pay such debt, and whether discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse or child of the debtor.

$82,500.00 debt, plus interest, the record is uncontroverted as shown by the Divorce Decree, Ex. 6, page 14, paragraph 17, which expressly awarded Christin judgment, as trustee for the children, in the amount of $82,500.00 against Jeffrey. The Decree being final, and based on Ex. 6, the Court concludes that the $82,500.00 claim from Ex. 6, page 14, paragraph 17, was incurred by the Defendant in the course of his divorce and in connection with the divorce decree entered in accordance with State law, and therefore the $82,500.00, plus interest and costs described in the State District Court decree is excepted from Jeffrey's discharge under § 523(a)(15).

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2. This is a core proceeding to determine the dischargeability of particular debts under 28 U.S.C. § 157(b)(2)(I).

3. By stipulation of the parties the sums of $5,341.62 and $17,119.00, plus interest on both amounts, are not dischargeable under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15), respectively.

4. Plaintiff failed to satisfy her burden of proof under 11 U.S.C. § 523(a)(4) to show that Defendant was acting in a fiduciary capacity at the time of the alleged defalcation.

5. Plaintiff satisfied her burden under 11 U.S.C. § 523(a)(15) that the $82,500.00 debt plus interest awarded in the Divorce Decree, Ex. 6, page 14, paragraph 17, was incurred by the Debtor in connection with a divorce decree in accordance with State law and is not dischargeable.

**IT IS ORDERED** a separate Judgment shall be entered as follows:

**IT IS ORDERED**, and **ADJUDGED** and **JUDGMENT** is entered in favor of the

Plaintiff Christin Lulow and against the Debtor/Defendant Jeffrey T. Lulow as follows:  (1) that the sum of $5,341.62 plus interest at State judgment rate and the sum of $17,119.00 plus interest at the State judgment rate are excepted from the Defendant's discharge under 11 U.S.C. § 523(a)(15); (2) that the sum of $82,500.00 plus interest, is excepted from the Defendant's discharge under § 523(a)(15); and (3) that Count II is dismissed with prejudice.  Interest on said award shall run from the date of the original Divorce Decree, Ex. 6, except that the interest rate and its commencement date for the $82,500 award shall be calculated as stated in the Divorce Decree, Ex. 6, page 14, paragraph 17.

        BY THE COURT

        *Ralph B. Kirscher*

        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana